(C. D. 1965)

SWISSEDENT INTERNATIONAL
HOYT, SHEPSTON & SCIARONI } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 5, 1958)

*Lawrence & Tuttle* (*George R. Tuttle, Sr.,* and *Frank L. Lawrence* of counsel) for the plaintiffs.

*George Cochran Doub,* Assistant Attorney General (*Alfred A. Taylor, Jr., Joseph E. Weil,* and *Richard H. Welsh,* trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: This is a protest against the collector's assessment of duty on artificial teeth at 50 cents per dozen individual teeth under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909. Several claims are made in the protest, as amended, but the one relied upon is that the merchandise is dutiable under said paragraph 212, as modified, at the minimum rate of 45 per centum ad valorem, on the ground that the imported articles are sets of artificial teeth mounted on cards and that duty should be computed on the basis of the number of sets involved rather than on the basis of the number of individual teeth.

The pertinent provisions of the tariff act, as modified, are as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 212 | China, porcelain, and other vitrified wares, * * * composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * and all other articles composed wholly or in chief value of such ware, * * *: <br> * * * * * * * <br> Note: The term "doz." in the specifications of rates of duty in this and the following item 212 means "dozen separate pieces." | |
| 212 | Articles of the kinds provided for in the preceding item which are painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for: <br> * * * * * * * <br> Other (except tableware, kitchenware, and table and kitchen utensils): <br> * * * * * * * <br> Not containing 25 per centum or more of calcined bone_____ | 50¢ per doz., but not less than 45% nor more than 70% ad val. |

The question before the court in this case is whether the term "dozen separate pieces" refers to the individual teeth or to the sets of teeth imported herein.

At the trial, John Pollard Frush, the dentist who organized Swissedent International for the purpose of importing artificial teeth from Switzerland, testified that the merchandise involved herein consists of sets of 6 anterior teeth, from cuspid to bicuspids; sets of 8 posterior teeth, upper and lower; and sets of 2 bicuspids. Samples of the sets of 6 and of the sets of 8 were received in evidence as plaintiffs' illustrative exhibits 1–A through 1–E and 2–A through 2–D. Each set of 6 consists of 6 individual teeth attached by means of prongs to a wax band imbedded in a piece of wood. Each set of 8 consists of 8 individual teeth attached to a piece of cardboard by means of a wire running through the teeth and fastened to the cardboard. According to the witness, sets of 2 teeth are mounted in the same way as the sets of 8.

Dr. Frush testified further that the teeth are made in various shapes and colors so that there are 2,200 different anterior teeth and combinations of 87 different shapes and 26 colors. The purpose of this is to produce for more people sets of artificial teeth which will closely resemble their own. Prior to the development of these teeth, according to the witness, dentists were limited in their selections to square, tapering, or ovoid teeth, which gave all patients the same look when they smiled, a conventional denture look. By using the imported teeth, however, the dentist can select a set which reflects the personality, age, and sex of the patient.

Dr. Frush stated, on cross-examination, that it is "not uncommon" to sell single anterior teeth, but that the posterior teeth are sold only in sets of 8. On redirect examination, the witness estimated that sales of single teeth would amount to less than 1 per centum as compared to sales of sets, that is, 1 tooth as compared with 599 teeth in the sets.

At a later hearing, Dr. Frush testified that sales at retail were not made by Swissedent International but by Swissedent, Los Angeles. A price list printed in the name of Swissedent International, but with the word "International" crossed out and "Los Angeles" substituted, was received in evidence as defendant's exhibit C. It gives prices for sets of anterior teeth, single anterior teeth, sets of posterior teeth, and pairs of cuspids and bicuspids. Because the witness appeared to know very little about Swissedent, Los Angeles, he was not permitted to testify as to the proportion of sales as between sets, single teeth, and cuspids and bicuspids.

Paragraph 212, as modified, levies duty on tinted or decorated china and porcelain articles, not tableware, at 50 cents per dozen separate pieces, but not less than 45 per centum nor more than 70 per centum ad valorem. Plaintiffs claim that the separate pieces here are the sets of teeth fastened to the wooden or cardboard plaques, and

not the individual teeth, and that, therefore, the collector should have assessed duty at 50 cents per dozen plaques or sets (but not less than 45 per centum ad valorem), instead of 50 cents per dozen teeth. The Government contends that each tooth constitutes a separate piece.

In *United States* v. *S. H. Kress & Co. et al.*, 23 C. C. P. A. (Customs) 90, T. D. 47764, there was involved the construction of paragraph 211 of the Tariff Act of 1930, which assessed duty on earthenware articles at 10 cents per dozen pieces and 50 per centum ad valorem. The merchandise consisted of earthenware receptacles with covers, cups and saucers, tiers of bowls, sets comprising a plate, a jar, and a cover, and incense burners, consisting of two parts. The court held that specific duty was to be assessed on each piece of earthenware, stating (pp. 93–94):

> We are of the opinion that the collectors' count of each individual piece of the earthenware involved in the various entries was the proper application of the controverted provision. We base this conclusion chiefly upon the context of paragraph 211. It will be noticed that the paragraph calls for "all other articles * * * 10 cents per dozen pieces." It seems obvious that "articles" and "pieces" are not used in a synonymous sense, since if it was the purpose of Congress to treat each article, each entirety, with its several pieces, as one piece, it would have been unnecessary to have used the term "pieces" at all. The paragraph could well have read "and all other articles * * * 10 cents per dozen."

The court also pointed out that there should be no difference between earthenware imported in sets and earthenware imported on the open-stock plan, that is, individually.

The case of *Albert Lorsch & Co., Inc.* v. *United States*, 60 Treas. Dec. 1223, Abstract 17102, involved so-called "kiddy sets," comprising a necklace, a brooch, and a bracelet, mounted on a card. The question was whether the merchandise was dutiable under the provision in paragraph 1428 of the Tariff Act of 1922, which covered jewelry, valued above 20 cents per dozen pieces. The set was valued as being above 20 cents per dozen pieces, but each article was not so valued. The court noted that paragraph 1428 covered jewelry, valued above 20 cents per dozen *pieces*, not per dozen *sets*, and held that, since the necklace, brooch, and bracelet were individually valued at less than 20 cents per dozen pieces, they were not classifiable under paragraph 1428.

The court, in that case, referred to *Utica Knife and Razor Co.* v. *United States*, 56 Treas. Dec. 419, T. D. 43662, wherein it was held that the term "pieces" in paragraph 1428 of the Tariff Act of 1922 referred to separate pieces and not pairs and that metal cuff buttons, valued at more than 20 cents per dozen *pairs*, but less than 20 cents per dozen *pieces*, were not classifiable under said paragraph.

In view of the above-cited cases, which were decided long prior to the date of the General Agreement on Tariffs and Trade, we are of the

opinion that, in using the words "separate pieces," the negotiators intended to refer to each individual piece of china, porcelain, or other vitrified ware, whether or not imported in sets or on cards or plaques. Although the teeth here involved were fastened to plaques, this attachment was not, and was not intended to be, permanent, but was evidently for convenience in transportation and sale. The merchandise is no more than a number of individual teeth and is not a specific article composed of teeth. For practical purposes, the teeth must be detached and made into finished dentures for patients. Their use would have been no different had they been imported loose in boxes or envelopes. Consequently, their dutiable status should be no different whether imported in sets fastened to cards or unattached in packages.

For the reasons stated, we hold that the separate pieces dutiable under paragraph 212, as modified, are the individual teeth and not the sets attached to plaques. The protest is overruled and judgment will be rendered for the defendant.