**IMPORT ASSOCIATES OF AMERICA and Fraser's, Inc.**

v.

**UNITED STATES.**

C.D. 3439; Protest Nos. 66/45925–21919–65, etc.

United States Customs Court, Second Division.

May 1, 1968.

Barnes, Richardson & Colburn, New York City (E. Thomas Honey, Joseph Schwartz, and Earl R. Lidstrom, New York City, of counsel), for plaintiffs.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Bernard J. Babb, New York City, trial atty.), for defendant.

Before RAO, FORD, and BECKWORTH, Judges.

BECKWORTH, Judge:

The merchandise involved in these cases, consolidated at the trial, consists of sets of stainless steel flatware, comprising knives and forks, or knives, forks and spoons, imported from West Germany and Japan and entered at the port of New York at various times between September 1963, and December 1965. The merchandise was classified under item 651.75 of the Tariff Schedules of the United States, which covers sets of two or more knives, forks, and spoons, or other arti-

cles provided for in different rate provisions of the subpart. Such sets are dutiable at the "rate of duty applicable to that article in the set subject to the highest rate of duty." Duty was assessed by the collector on each set at the ad valorem equivalent of the specific or compound rate which would have been applicable to the article subject to the highest rate of duty if imported alone.

Plaintiffs do not dispute the classification of the merchandise under item 651.75, but claim that the rate which should have been used is the highest specific or compound rate which would have been applicable to any article in the set if imported alone, rather than the ad valorem equivalent.

The pertinent provisions of the tariff schedules are as follows:

Item 651.75 of the Tariff Schedules of the United States:

651.75 Sets (except sewing sets, pedicure or manicure sets, and combinations thereof) which include two or more of the tools, knives, forks, spoons, or other articles provided for in different rate provisions of this subpart ............................... The rate of duty applicable to that article in the set subject to the highest rate of duty.

Schedule 6, part 3, subpart E, headnote 5 of the Tariff Schedules of the United States:

5. For the purposes of determining the rate of duty applicable to sets provided for in item 651.75, a specific rate of duty or a compound rate of duty for any article in the set shall be converted to its ad valorem equivalent rate, i. e., the ad valorem rate which, when applied to the full value of the article determined in accordance with section 402 or 402a of this Act, would provide the same amount of duties as the specific or compound rate.

Item 927.53 of the Tariff Schedules of the United States:

Knives, forks, and spoons, all the foregoing valued under 25 cents each, not over 10.2 inches in over-all length, and with stainless steel handles (provided for in items 650.09, 650.11, 650.39, 650.41, and 650.-55 of part 3E of schedule 6, or if included in sets provided for in item 651.75 of such part):

\*      \*      \*      \*      \*      \*      \*

Other:

927.53 Knives and forks (items 650.09, 650.11, 650.-39, and 650.41) ........................3¢ each + 67.5% ad val.

Item 650.15 of the Tariff Schedules of the United States:

Knives not specifically provided for elsewhere in this subpart, and cleavers, with or without their handles:

  *   *   *   *   *   *   *

650.15   With rubber or plastic handles:
    Table, kitchen, and butcher knives ........2¢ each +
                12.5% ad val.

Item 650.41 of the Tariff Schedules of the United States:

Forks, spoons, and ladles, all the foregoing which are kitchen or table ware, with or without their handles:

Forks:

  *   *   *   *   *   *   *

With their handles:

  *   *   *   *   *   *   *

With stainless steel handles:

  *   *   *   *   *   *   *

650.41   With handles containing nickel or containing
    over 10 percent by weight of manganese ...1¢ each +
                17.5% ad val.

———————◆———————

There is no dispute as to the facts, which were stipulated at the trial. The following tabulation shows the article in each set found by the collector to be subject to duty at the highest rate, the equivalent ad valorem rate, and the claimed rate.

| Protest and entry | Article subj. to highest rate | TSUS item | ad val. equivalent | Claimed rate |
|---|---|---|---|---|
| 66/45925, 779159 | Salad fork | 927.53 | 89.24% | 3 cents each + 67.5% ad val. |
| 66/45924, 779159 | Butter knife | 650.15 | 36.34 | 2 cents each + 12.5% ad val. |
| 66/47051, 803195 | Fork | 650.41 | 18.14 19.72 19.42 or 19.54 [1] | 1 cent each + 17.5% ad val. |
| 66/47082, 892285 | Fork | 650.41 | 20.06 19.72 20.73 19.17 | 1 cent each + 17.5% ad val. |
| 66/47082, 809229 | Fork | 650.41 | 19.35 19.63 | 1 cent each + 17.5% ad val. |

———————◆———————

1. There appears to be some discrepancy between the ad valorem equivalent found by the examiner and that used by the collector (R. 8, 15–17).

No question was raised as to the correctness of the ad valorem equivalent found by the collector nor his determination as to which article in any given set had the highest rate of duty. The sole issue is whether in liquidating the collector properly applied the ad valorem equivalent to the value of the set or whether he should have applied the rate provided in the particular item of TSUS for the article found to be subject to duty at the highest rate.

Item 651.75 provides that a set shall be subject to duty at the rate of duty applicable to the article in the set subject to the highest rate of duty. In order to find that rate, one would normally look at the items under which the various articles are dutiable and compare the rates. If they were all ad valorem rates or if they were all specific rates, there would be no problem in finding the highest rate. However, many of the individual articles found in sets of knives, forks, and spoons are subject to compound rates of duty. Therefore, it is necessary to convert them to the same kind of rate in order to make a comparison.

To find the method of doing this under the Tariff Schedules of the United States, we turn to headnote 5, supra. This provides that the rate on each article shall be converted to the ad valorem rate which when applied to the full value of the article would provide the same amount of duties as the specific or compound rate. When this has been done, one can determine which article in the set is subject to the highest rate of duty. The headnote states that this formula shall be applied "For the purposes of determining the rate of duty applicable to sets provided for in item 651.75." It does not state that the ad valorem equivalent shall then be used in determining the amount of duty on the set. Item 651.75 itself states that the rate to be used in determining the duty on the set shall be the rate applicable to that article which is subject to the highest rate of duty. The rate applicable to that article is the one provided in the item number

under which it is classified, not an equivalent ad valorem rate.

The Tariff Classification Study, volume 6, pages 191 and 200, states:

Headnote 5 relates to the provisions of item 651.75 for sets which "include three or more of the tools, knives, forks, spoons, or other articles, provided for in different rate provisions of this subpart." These sets are dutiable at the "rate of duty applicable to that article in the set subject to the highest rate of duty." Headnote 5 provides that, in *determining the highest rate of duty*, specific rates of duty and compound rates of duty shall be converted to their ad valorem equivalent rates. [Emphasis added.]

\* \* \* \* \* \*

Item 651.75 is a new provision covering sets which is not derived from any specific provisions of the current tariff act. It is designed primarily to facilitate customs administration. Many articles of types provided for in this subpart are bought and sold as sets, and this proposed provision acknowledges this fact and provides realistically therefor. Although this provision would apply to the entire set *the highest rate applicable to any article in the set,* this would not impose undue hardship on importers inasmuch as they could always import the various articles and obtain the regular rates if they deferred the packaging of them as sets until after importation. It is significant to note that the proposed provision corresponds with a standard provision of the Brussels Nomenclature [Emphasis added.]

The Nomenclature for the Classification of Goods in Customs Tariffs, issued by the Customs Co-operation Council, commonly referred to as the Brussels Nomenclature, provides in headnote 3 to chapter 82:

(3) Sets (other than manicure or chiropody sets (heading No. 82.13)) comprising an assortment of tools, cutlery, spoons, forks or other articles of a kind falling within the

different headings of this chapter, fitted in cabinets, boxes, cases or the like, are to be classified as that one of the constituent articles which is chargeable with the highest rate of duty.

The Explanatory Notes to the Brussels Nomenclature, volume II, page 739, states:

Goods falling in different headings of the present Chapter are often put up in sets fitted in cabinets, boxes, cases, on boards, etc. Except in the case of manicure and chiropody sets, which are classified in heading 82.13, such sets are classified in the heading appropriate to the highest dutied constituent.

The language, that the sets are to be classified under the heading appropriate to the highest dutied constituent, is an indication that under the Brussels Nomenclature the rate of duty to be applied is the one applicable to the appropriate constituent article and not an equivalent.

As appears from the tabulation above, the use of the ad valorem equivalent after it has been employed to determine which rate of duty is the highest has resulted in rates which vary from set to set, and which vary where the collector has found the same type of utensil was the article subject to the highest rate of duty. These rates, in the instant case, range from 19.17 percent to 89.24 percent. It is obvious, of course, that the application of the ad valorem equivalent may result, as here, in a greater total amount of duty on the set than if the compound rate were applied, or it may result in a lower total amount of duty, depending on the value of the set and the total number of pieces in it. However, since Congress has provided compound rates for most of the knives, forks, and spoons in schedule 6, part 3, subpart E, it follows logically that it meant a compound rate to apply to a set rather than an ad valorem equivalent.

When Congress wishes to have an ad valorem equivalent applied throughout, it has so provided in unmistakable language. In schedule 8, part 1, subpart B, which applies to articles advanced or improved abroad, it is provided in headnote 2(c):

(c) The duty upon the value of the change in condition shall be at the rate which would apply to the article itself, as an entirety without constructive separation of its components, in its condition as imported if it were not within the purview of this subpart. If the article, as returned to the United States, is subject to a specific or compound rate of duty, such rate shall be converted to the ad valorem rate which when applied to the full value of such article determined in accordance with section 402 or 402a of this Act would provide the same amount of duties as the specific or compound rate. *In order to compute the duties due, the ad valorem rate so obtained shall be applied to the value of the change in condition made outside the United States.* [Emphasis supplied.]

Had Congress had the same intention with regard to item 651.75, it could have provided in headnote 5, supra: "In order to compute the duties due, said equivalent ad valorem rate shall be applied to the total value of the set."

We are of opinion, therefore, that the rate of duty to be applied to sets is the specific or compound rate which is provided in the item number of the Tariff Schedules of the United States for the article in the set subject to the highest rate of duty. In the instant case, those rates are: As to the merchandise covered by protest 66/45925, the rate provided for in item 927.53, 3 cents each, plus 67.5 percent ad valorem; as to the merchandise covered by protest 66/45924, the rate provided for in item 650.15, 2 cents each, plus 12.5 percent ad valorem; and as to the merchandise covered by the balance of the protests, the rate provided for in item 650.41, 1 cent each, plus 17.5 percent ad valorem.

While the parties have not raised the issue, it would appear from the calculations in the plaintiffs' brief, that

plaintiffs believe that the specific duty of 1, 2, or 3 cents each applies to the set as a unit and not to the individual articles in it. It is our opinion, however, that the specific duty is to be assessed on each article in the set. See Swissedent International et al. v. United States, 40 Cust.Ct. 95, C.D.1965, and cases cited; Arnart Imports, Inc. v. United States, 54 CCPA, C.A.D. 900. In that event, the difference between the total amount of duty found by use of an equivalent ad valorem rate and the total amount found by use of the specific and compound rate is not so great. Such a result is equitable and within the language of the statute, and was contemplated by the Tariff Commission. See Tariff Classification Study, schedule 6, page 200:

* * * Although this provision [Item 651.75] would apply to the entire set the highest rate applicable to any article in the set, this would not impose undue hardship on importers inasmuch as they could always import the various articles and obtain the regular rates if they deferred the packaging of them as sets until after importation.

For the reasons stated, we hold that the sets involved herein are properly dutiable pursuant to item 651.75, as follows: As to the merchandise covered by protest 66/45925, at 3 cents each article, plus 67.5 per centum ad valorem, the rate provided in item 927.53; as to the merchandise covered by protest 66/45924, at 2 cents each article, plus 12.5 per centum ad valorem, the rate provided in item 650.15; and as to the merchandise covered by the balance of the protests, at 1 cent each article, plus 17.5 per centum ad valorem, the rate provided in item 650.41.

The protests are sustained and judgment will be entered for the plaintiffs.

RAO, C. J., and FORD, J., concur.

## SCHEDULE OF PROTESTS

| Protest | Plaintiff | Entry |
|---|---|---|
| 66/45925–21919–65 | Import Associates of America | 779159 |
| 66/45924–21918–65 | | —— |
| 66/47051–15370–66 | Fraser's Inc. | 803195 |
| 66/47082–17185–66 | | 892285 |
| | | 809229 |